UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TED HAMMON,

           Plaintiff,           CIV. S-04-0754 DFL PAN

     v.

JO ANNE B. BARNHART,          Findings and Recommendation
Commissioner of Social
Security,

           Defendants.

—oOo—

     Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability and supplemental security income benefits.

     If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c).

Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. §§ 404.1520(e), 416.920(e). Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Defendant found that plaintiff was eligible for disability benefits until December 31, 1994, that he suffers from chronic pain disorder, mild degenerative disease of the cervical, thoracic and lumbosacral spine and, since November 7, 1997, depression as well, but that he suffers from no listed impairment; that he retains the capacity to work as a surveillance system monitor, parking lot cashier and small products assembler and is not disabled.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence. Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990). Substantial evidence means more than a

2

mere scintilla, <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance. <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson</u>, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Secretary's decision. <u>Gonzalez v. Sullivan</u>, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence.  <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

   The objective evidence of physical impairment is minimal yet plaintiff's claim to benefits rests upon physical limitations he claims are imposed by intransigent pain, which claims some physicians have accepted while others have not.  For the reasons identified by two administrative appeals judges, this court finds that plaintiff's subjective complaints are unworthy of belief and that medical opinion based thereon is not evidence that will support the award sought.  <u>See</u> Tr. 393-99 (appeals council's detailed summary of plaintiff's false and evasive testimony); <u>see also</u> <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997)

3

(holding that if a claimant's subjective complaints are not credible, then a physician's opinion based upon those complaints is equally unreliable).

The decision should be affirmed.

These findings and recommendations are submitted to the Honorable David F. Levi, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 23, 2005.

                               /s/ Peter A. Nowinski
                               PETER A. NOWINSKI
                               Magistrate Judge